WILLIE SCOGGINS *v.* ALEX. BARNES *et al.*

ILLEGITIMACY. *Descent.* When an illegitimate woman dies seized of real estate, leaving no child, mother or brother, but leaving a husband and illegitimate sister; *held,* that the sister is not entitled to the estate as against the husband.

Cases cited: Webb *v.* Webb, 3 Head, 69; Woodward *v.* Duncan, 1 Col., 563.

Code cited: Secs. 2423, 2423*a.*

FROM SHELBY.

Appeal from the Chancery Court. R. J. MORGAN, Chancellor.

PIERCE & DIX for complainant.

ANDERSON & HAMPTON and J. E. R. RAY for defendants.

DEADERICK, J., delivered the opinion of the court.

The bill and amended bill show that complainant, a colored woman, and Harriet Walker are sisters, both being illegitimate, and born of the same mother.

Complainant alleges that her sister first married one Penny, and after his death married Walker, and died in August, 1869, leaving her husband surviving, but leaving no child and no mother nor brother nor sister except herself, and she files this bill to recover certain real estate which said Harriet owned at the time of her death, situated in the city of Memphis.

The defendants demurred to the bill, the demurrer was sustained and the bill dismissed, and complainant has appealed to this court.

The question presented upon the demurrer is, whether complainant, as sister of said Harriet, is entitled to the estate left by her, she having died leaving her husband surviving. And we are of opinion she is not.

The case of *Webb* v. *Webb*, 3 Head, 69, was one of the death of an illegitimate in June, 1858, leaving no child, but a widow and a mother and legitimate brothers. It was held that the rule governing the case was found in Code, sec. 2423, and after quoting the section, the court declare the course of descent to be, under said section, first to the child or children of the illegitimate, if any there be, if none then to the surviving husband or wife; if there be no surviving husband or wife, then to the mother, and if no surviving mother, then to the brothers and sisters by the mother or their descendants.

36—VOL. 8.

In this case there was no child surviving, but the bill states that there was a husband surviving, and claims that complainant is entitled to the estate before him, or in exclusion of him, under sec. 2423*a*, act of 1866–7.

That section provides, " where any woman shall die intestate, having a natural born child or children, whether she also have a legitimate child or children or otherwise, such natural born child or children shall take by the general rules of descent and distribution, equally with the other child or children, the estate, real and personal, of his, her and their mother; and should either of such children die intestate, without child or children, his or her brothers and sisters shall in like manner take his or her estate.

It had been held in 1 Col., 563, that the illegitimate, though born of the same mother, do not inherit equally with the legitimate the estate of a deceased brother, and while a legitimate brother or sister could inherit from an illegitimate brother or sister born of the same mother, an illegitimate brother or sister, though born of the same mother, could not inherit from a legitimate brother or sister.

And for the purpose of enabling the children, legitimate and illegitimate, born of the same mother, to take her estate equally, and also to enable them to inherit equally as between themselves, the act of 1866–7, sec. 2423*a*, was passed. But it was not intended by said act to change the course of descent prescribed in sec. 2423.

The chancellor's decree will be affirmed.